# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**KEVIN JOHNSON,**

    **Plaintiff,**

**vs.**                                                    **Case No. 4:16cv598-WS/CAS**

**JULIE JONES,**
**PAMELA JO BONDI,**
**and RICK SCOTT,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

An Order was entered in this case on December 14, 2016, requiring Plaintiff to file an amended complaint on or before January 17, 2017. ECF No. 9. On December 27, 2016, Plaintiff, who is an inmate proceeding pro se, filed a "motion to consolidate" this civil rights case with his petition for writ of habeas corpus. ECF No. 10.

The prior Order explained that Plaintiff's allegation of having been charged by indictment with a "nonexisting Florida statute" in violation of his constitutional rights was insufficient to proceed in this case for several reasons. ECF No. 9. First, Plaintiff did not allege how any named

Defendant violated his rights.  Second, a challenge to a criminal conviction must be brought through a petition for habeas corpus, not a civil rights action.  Because there are two separate and distinct categories of prisoner petitions - those challenging the fact or duration of confinement and those challenging the conditions of confinement - such claims may not be consolidated.  Plaintiff's motion, ECF No. 10, should be denied.

Moreover, because Plaintiff did not file an amended civil rights complaint as required, this case should be dismissed.  Plaintiff's references § 2254 habeas petition is continuing, *see* case number 4:16cv593-MW/EMT, and Plaintiff has an avenue in which to raise the claim he sought to improperly bring in this case.  As a civil rights case, his claim is barred because it would necessarily imply the invalidity of his current conviction and sentence.  Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion to consolidate cases, ECF No. 10, be **DENIED**, and this case be **DISMISSED**

Case No. 4:16cv598-WS/CAS

for failure to comply with a Court Order and file an amended complaint.

**IN CHAMBERS** at Tallahassee, Florida, on April 3, 2017.


 S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.